IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHEILA WHITE, as administrator of the )
ESTATE OF EDMOND WHITE, )
 )
          Plaintiff, )
 )
v. )
 ) Case No. 10-2541-CM
UNITED STATES OF AMERICA, )
 )
          Defendant. )
 )

## MEMORANDUM AND ORDER

This case arises out of the death of Edmond White, an inmate at the Leavenworth penitentiary who committed suicide while incarcerated. Mr. White's mother—plaintiff Sheila White—brought this wrongful death action as the Administrator of the Estate of Edmond White. According to plaintiff, the government was negligent in failing to treat Mr. White's mental illness and protect him from self-destructive behavior. Plaintiff seeks to hold defendant United States of America liable under the Federal Tort Claims Act. Plaintiff's efforts are complicated, however, by the unfortunate and untimely death of Ms. White during the pendency of this case. The matter is now before the court on three motions:

- Defendant's Motion for Summary Judgment (Doc. 76);

- Defendant's Motion to Dismiss for Lack of Prosecution and for Failure to Substitute a Representative of Plaintiff Under Fed. R. Civ. P. 25 (Doc. 88); and

- Plaintiff's Motion for Extension of Time, Stay Proceedings and for Appointment of Guardian Ad Litem Under Federal Rule of Civil Procedure 17 and Other Relief (Doc. 93).

The court first takes up the motion to dismiss.

### I. Factual Background

The following events are relevant to the court's decision in this case:

- **October 5, 2010**: Ms. White, Administrator of the Estate of Edmond White, brought this action. (Doc. 1.)

- **July 18, 2011**: Plaintiff filed an amended complaint. (Doc. 13.)

- **December 15, 2011**: Judge Humphreys entered an order to show cause why the case should not be dismissed against a number of defendants for failure to timely effect service. (Doc. 25 at 1.)

- **December 27, 2011**: Instead of showing cause, plaintiff moved to amend the complaint again to delete the causes of action against the unserved defendants (along with other, served defendants). (Doc. 26 at 4.)

- **May 15, 2012**: Defendant filed a motion to extend the time for initial settlement offers because defendant's counter-proposal was due, but plaintiff had missed the deadline for submitting an initial offer. (Doc. 45 at 3–4.)

- **May 30, 2012**: Defendant requested additional time to file a motion to compel initial disclosures (due May 31) because plaintiff's initial disclosures did not contain a computation of damages claimed. (Doc. 47 at 2–3.)

- **Fall of 2012**: Ms. White was diagnosed with cancer.

- **September 24, 2012**: Defendant moved for an extension of time to file a motion to compel responses to discovery requests because plaintiff's discovery responses were thirty days overdue. At this time, Ms. White's health was failing. (Doc. 62 at 1–4.)

- **March 7, 2013**: Ms. White passed away.

- **April 20, 2013**: Defendant filed a motion to extend the deadline to submit a proposed pretrial order in part because defendant had not yet received plaintiff's portions of the pretrial order. (Doc. 69 at 1.)
- **May 24, 2013**: The Pretrial Order indicated that "Plaintiff plans to file a Rule 25 motion to substitute representative plaintiff within 90 days of the date of this order." (Doc. 75 at 23.)
- **June 13, 2013**: Defendant filed its motion for summary judgment. (Doc. 76.)
- **July 3, 2013**: Plaintiff timely requested additional time to respond to the summary judgment motion—specifically, until August 2, 2013. (Doc. 79 at 2.)
- **August 12, 2013**: Plaintiff sought leave to file a response to the summary judgment motion out-of-time. (Doc. 81 at 2.) Defendant agreed to this extension, but only on certain conditions. Those conditions were not explained in plaintiff's motion, so defendant filed a response to the motion, outlining the conditions. (Doc. 84.)
- **August 22, 2013**: 90 days expired from the date of the Pretrial Order.
- **August 23, 2013**: Defendant filed the instant motion to dismiss. (Doc. 88.)
- **September 25, 2013**: Because plaintiff's deadline to respond to the motion to dismiss passed without response, the court entered an order to show cause why it should not be granted as uncontested. Plaintiff's response to the order was due September 30, 2013. (Doc. 92 at 1.)
- **September 30, 2013**: In response to the court's order, plaintiff filed Plaintiff's Motion for Extension of Time, Stay Proceedings and for Appointment of Guardian Ad Litem Under Federal Rule of Civil Procedure 17 and Other Relief. (Doc. 93.)

### II. Legal Standard

Under Fed. R. Civ. P. 41(b) and D. Kan. R. 41.1, the court may dismiss an action if the plaintiff fails to comply with a court order, the Federal Rules of Civil Procedure, or fails to prosecute her case.

A Rule 41(b) dismissal is equivalent to an adjudication on the merits and is with prejudice, meaning plaintiff cannot re-file her claims. Fed. R. Civ. P. 41(b).

> When evaluating grounds for dismissal of an action, the Court looks to the following factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

### III. Discussion

Defendant moves to dismiss plaintiff's case on two grounds: (1) for lack of prosecution; and (2) for failure to substitute a representative of the Estate of Edmond White as required by the Pretrial Order and Fed. R. Civ. P. 25. Defendant also argues that substitution would be futile for the reasons set forth more fully in its summary judgment motion. The court first addresses defendant's request for Rule 41(b) dismissal and evaluates the factors under *Ehrenhaus*.

First: The degree to which defendant has been prejudiced by plaintiff's repeated dilatory conduct is evidenced by the numerous motions for extension of time that defendant has been compelled to file while waiting on responses from plaintiff. After reviewing the record, it appears to the court that defendant has been sensitive to the health concerns and death of Ms. White. In an effort to accommodate plaintiff, defendant has attempted to resolve issues of missed deadlines without court intervention. Defendant has been gracious in agreeing to extensions of time and tactful in seeking relief from its own deadlines. But this pattern cannot continue indefinitely. This case is over three years old. The government filed its summary judgment motion over five months ago, and if the court were to give plaintiff additional time to substitute a party, it is likely that resolution of that motion would be delayed even further. It is also likely that the issues in the case (i.e., who is the proper party to bring suit) and the corresponding analysis would change. The government already has suffered

prejudice both in the time that has passed in this case, as well as the resources it has had to expend repeatedly to address plaintiff's conduct. This factor weighs in favor of dismissal.

Second: Plaintiff has also interfered with the judicial process. Discovery is closed and the court entered the Pretrial Order more than five months ago. But for the complications that have arisen as a result of plaintiff's delays, this case would be proceeding to trial in January. But the court has moved the trial date to March 2014, and it appears unlikely that the case would proceed even then, if the court followed the procedure submitted by plaintiff for substitution of a new plaintiff. This factor also weighs in favor of dismissal.

Third: The court considers the culpability of the litigant. This evaluation is more difficult, as the case effectively has no litigant at the present time. While Ms. White was prosecuting the case, she was diagnosed with cancer. She was hospitalized and given chemotherapy. Her condition quickly deteriorated, and it appears that she died within months of her diagnosis. She did, however, file a document granting Timothy J. Touhy and his firm "Power of Attorney and Designation of Legal Representative by Special Administrator," specifically granting them "full power and authority to execute all documents on behalf of the estate relating to any claim that the Estate of Edmond White, Edmond White or Sheila White may hold against the United States Bureau of [P]risons, U.S. Government or other entity arising out of injuries and death of Edmond White on or about October 5, 2008." (Doc. 31-1 at 4.) Presumably acting under the authority granted by this document, Mr. Touhy has continued acting on behalf of plaintiff, even after the death of Ms. White.

Plaintiff now represents that the real party in interest is Edmond White's ten-year-old minor child D.W. whose mother—Ann Showers—is absent and apparently does not want to be found. Ms. Showers left D.W. with her oldest son, Kyle Gudenschwager, in North Dakota in 2012. She has not seen D.W. since.

Plaintiff's counsel has proposed a plan to rectify the situation (the "situation" being the fact that the case now has no plaintiff). Counsel asks the court to:

(i) stay these proceedings and appoint a temporary guardian ad litem;
(ii) [o]rder a method of reasonable notice to the child's biological mother which comports with due process;
(iii) order the appointment of the child's brother as a guardian ad litem in this case;
(iv) allow the guardian ad litem to act on behalf of the minor and protect the minor's interests in this action.

(Doc. 93 at 1.) Unfortunately, plaintiff's plan is untimely and unworkable. It also does not erase any prior culpability. Ms. White passed away eight months ago. She was ill for some time before that. Counsel has had adequate time to make arrangements to substitute a plaintiff to prosecute this case. Instead, time after time, counsel has waited for prompting by the court or defendant to take action.

Plaintiff's representation that D.W. is the real party in interest is troubling for another reason. Throughout this case, plaintiff has repeatedly indicated that Ms. White as the Administrator for the Estate of Edmond White was the real party in interest. *See, e.g.*, Doc. 83 at 1, 3, 6, 7, 9, 10, 11, 12, & 21.) If this is the case, then logically, plaintiff must be asking the court to appoint Mr. Gudenschwager as the substitute Administrator of Edmond White's Estate in Wisconsin. This the court cannot do. *See Wilson v. Sundstrand Corp.*, 99 C 6944, 2002 WL 99745, at *4 (N.D. Ill. Jan. 25, 2002) ("A federal court lacks the authority to appoint a special administrator. . . . If plaintiffs want a court in this country to appoint them as special administrators, they must go to state court.") (internal citation omitted). And if this is not actually plaintiff's desire, then substitution of Mr. Gudenschwager as guardian ad litem for D.W. as Edmond White's heir would be futile. Only Ms. White, as the administrator of the Estate of Edmond White, filed a timely administrative tort claim under the Federal Tort Claims Act. The court lacks jurisdiction over a claim by someone other than the Administrator. *See* 28 U.S.C. § 2401(b); *Esposito v. United States*, 368 F.3d 1271, 1274 (10th Cir. 2004).

Ultimately, the court's effort to evaluate the culpability of plaintiff is frustrated because counsel does not indicate what steps he took to find a substitute plaintiff between March 7, 2013 and the court's order to show cause. Without this information, the court cannot conclude that the prosecutorial delays have been the result of excusable neglect. The court is merely left with the relatively large amount of time that has passed and plaintiff's pattern of belated actions in this case. This factor weighs in favor of dismissal.

Fourth: Plaintiff is aware that dismissal is possible. Not only did defendant file a motion directly on this basis, but when plaintiff failed to respond to the motion, the court specifically advised plaintiff that without a showing of excusable neglect, plaintiff's failure to timely respond would constitute a waiver of the right to respond under Local Rule 7.4. Although the court did not specifically warn plaintiff that dismissal might be utilized as a sanction, plaintiff's awareness of the possibility of dismissal for failure to prosecute offsets the lack of a clear warning about being "sanctioned." This factor is neutral.

Fifth: The court is unaware of any lesser sanctions that would be effective here. The posture of this case is unique. At this time, only plaintiff's attorney is active in prosecuting the action. It is unclear who has an interest in continuing the case or how that party might be sanctioned other than by dismissal of the case. The court does not believe that any sanction other than dismissal would be effective or workable. This factor weighs in favor of dismissal.

In sum, it would be neither equitable nor just to require defendant to continue defending this case when there is no promise of resolution on the horizon. To get the case back on track, plaintiff asks the court to interfere with matters reserved for the state courts. The court declines to take such actions—particularly when plaintiff could have been more proactive and addressed the issue well before this time. Dismissal is appropriate and substitution of a new plaintiff is not.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Lack of Prosecution and for Failure to Substitute a Representative of Plaintiff Under Fed. R. Civ. P. 25 (Doc. 88) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time, Stay Proceedings and for Appointment of Guardian Ad Litem Under Federal Rule of Civil Procedure 17 and Other Relief (Doc. 93) is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 76) is denied as moot.

The case is closed.

Dated this 13th day of November, 2013, at Kansas City, Kansas.

        s/ Carlos Murguia
        **CARLOS MURGUIA**
        **United States District Judge**